FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 JUL -2  P 4: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Nakia Pitre, *on behalf of herself and others similarly situated*, )<br><br>Plaintiff, )<br><br>v. )<br><br>Capital One Financial Corporation, )<br><br>Defendant. ) | Civil Action No. 1:15-cv-869<br>(TSE/TCB)<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### Nature of this Action

1.      Nakia Pitre ("Plaintiff") brings this class action against Capital One Financial Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.      Venue is proper before this Court under 28 U.S.C. § 1391(b) as Defendant not only transacts business in this district, but also resides in this district.

### Parties

5.      Plaintiff is a natural person who at all relevant times resided in Opelousas, Louisiana.

6.     Defendant is an American bank holding company specializing in credit cards, home loans, auto loans, banking and savings products.

7.     Defendant is a Delaware corporation.

8.     Defendant's principle office is located in McLean, Virginia.

## Factual Allegations

9.     In or around February 2015 Defendant began placing calls to ███████—Plaintiff's cellular telephone number.

10.    In particular, Defendant placed no less than 37 calls to Plaintiff's cellular telephone number from February 11, 2015 through April 21, 2015.

11.    Upon information and good faith belief, Defendant placed more than 37 calls to Plaintiff's cellular telephone number in 2015.

12.    Defendant placed many of its calls to Plaintiff's cellular telephone number from (800) 955-6600—a telephone number associated with Defendant's credit card division.

13.    Plaintiff spoke with Defendant on more than one occasion in 2015.

14.    During each of these occasions Plaintiff informed Defendant that she was not the individual for whom Defendant was calling, and directed Defendant to cease placing calls to her cellular telephone number.

15.    Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

16.    Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

17. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

18. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

19. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to contact a third party.

20.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

21.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

22.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

23.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

24.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

25.     Plaintiff is not, and has never been, one of Defendant's customers.

26.     Plaintiff does not have, and never has had, a business relationship with Defendant.

27.     Plaintiff did not provide Defendant with her cellular telephone number.

28.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

29.     Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

30.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

31.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a

representative of the following two classes:

> All persons and entities throughout the United States (1) to whom Capital One Financial Corporation, placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) from July 1, 2014 through the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.
>
> All persons and entities throughout the United States (1) to whom Capital One Financial Corporation, placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) from July 1, 2014 through the date of this complaint, (5) absent prior express consent—in that Capital One Financial Corporation's records contain a code or other notation indicating that the called party previously (a) informed Capital One Financial Corporation that the number to which it placed the call was the wrong number, (b) directed Capital One Financial Corporation to stop calling the number to which it placed the call, or (c) instructed Capital One Financial Corporation to take the number to which it placed the call off of its call list.

32.    The proposed classes specifically exclude the United States of America, the State of Virginia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

33.    Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

34.    The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

35.    The members of the classes are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant and by

third parties.

36.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

37.     Plaintiff's claims are typical of the claims of the members of the classes.

38.     As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. §227.

39.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

40.     Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

41.     Plaintiff suffered the same injuries as each of the members of the classes.

42.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

43.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

44.     Plaintiff will vigorously pursue the claims of the members of the classes.

45.     Plaintiff has retained counsel experienced and competent in class action litigation.

46.     Plaintiff's counsel will vigorously pursue this matter.

47.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

48.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

49.     Issues of law and fact common to all class members are:

a.  Defendant's violations of the TCPA;

b.  The existence of Defendant's identical conduct;

c.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

d.  The availability of statutory penalties; and

e.  The availability of attorneys' fees and costs.

50.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

52.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

53.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

55.     The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

56.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

57.     There will be little difficulty in the management of this action as a class action.

58.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

59.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-58.

60.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to her cellular telephone number, absent prior express consent.

**Trial by Jury**

61.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action;

   b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

   c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

   d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   e) Enjoining Defendant from continuing its violative behavior;

   f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

   g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h)   Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:   July 2, 2015

R. Scott Caulkins, Esq., VA Bar No. 23584
Patricia E. Bruce, Esq., VA Bar No. 48007
CAULKINS & BRUCE, PC
2300 Wilson Blvd., Suite 240
Arlington, Virginia 22201
Tel: 703-558-3664 (Direct)
Fax: 703-525-1331
scaulkins@caulkinsbruce.com

*Pro hac vice to be filed:*

Aaron D. Radbil, Esq., TX Bar No. 24094090
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*